UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON RANSOM, et al.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MACK, JR., et al.,<br><br>Defendants. | No. 2:17-cv-01367 GEB AC (PS)<br><br><br><br>ORDER |

Plaintiffs are proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff Clinton Ransom has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because (1) plaintiff's IFP affidavit fails to establish that he cannot afford the filing fee, and (2) the complaint, in its current form, is frivolous.

## I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

Plaintiff Clinton Ransom filed an application to proceed IFP that is entirely blank. ECF No. 2. To prevail on a motion to proceed IFP, plaintiff need not demonstrate that he is completely destitute, but he must show that because of his poverty, he "cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)). In

////

1

addition, plaintiff "must allege poverty 'with some particularity, definiteness and certainty.'" Id. (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981)).

Because plaintiff Ransom filed a blank application, plaintiff's application fails to establish that he is entitled to prosecute this case without paying the required fees. The application will therefore be denied.

## II. SCREENING

Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file *in forma pauperis*." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990). Where, as here, the facially frivolous action has already been filed, the court is "authorized to deny leave to proceed in forma pauperis." Reece v. State of Wash., 310 F.2d 139, 140 (9th Cir. 1962).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The Complaint

The complaint appears to be brought on behalf of four plaintiffs: Clinton Ransom, R.E.R., Robert Lopez, Lorene Thomas, and R.L. ECF No. 1 at 1. The complaint was filed by plaintiff Clinton Ransom. Id. At the top of the complaint plaintiff wrote the word "class." Id. Under "Basis for Jurisdiction" plaintiff checked the box labeled "Federal question." Id. at 3. When asked to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution at issue, plaintiff wrote: "limited warranty in habitable, breach of contract, fraud, assaults and batteries, real property liability, provisional negligence, retaliation, business tort, intentional distress, unsecured mailbox, gov. extortion." Id. at 4. Under "Statement of Claim" plaintiff alleges that "the property" is roach and bedbug infested and otherwise uninhabitable, and that the owners and staff violate tenants and filed false criminal reports, engaged in illegal evictions and tenant violations, and disregard tenant safety while taking government money. Id. at 6.

### B. Analysis

As a preliminary matter, the word "class" written at the top of the complaint indicates that plaintiff is attempting to bring a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Clinton Ransom as sole plaintiff.

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction (that is, why the lawsuit is filed in this federal court rather than a state court),

or plaintiff's claims (that is, who did what to plaintiff and how he was harmed), even though those things are required by Fed. R. Civ. P. 8(a)(1), (a)(2). None of the allegations plaintiff has made rely appear to rely on federal law such that jurisdiction would be appropriate in this court. Accordingly, the complaint must be dismissed as frivolous.

## III. AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

## IV. PRO SE PLAINTIFF'S SUMMARY

This complaint is being dismissed because it does not tell the court why it has authority to hear the case. Federal courts can only hear certain types of cases. The complaint says it is based on federal law, but none of the stated claims seem to actually rely on federal law. Also, individuals representing themselves can <u>only</u> represent themselves; they cannot represent other people or bring class actions.

With respect to the application for IFP, a blank application does not tell the court why plaintiff cannot pay the filing fee. The form needs to be fully filled out. Because the form was not filled out, IFP status is denied.

Plaintiff has an opportunity to fix these problems by submitting to the court a new IFP application and a new complaint, that conforms to the requirements discussed above, within 30 days of this order.

## V. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form, as explained above.

2. If plaintiff files a proper IFP application, he may also file an amended complaint.

3. Plaintiff must file his renewed IFP application and amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must do his best to follow the guidance provided in this order.

DATED: July 10, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE